UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA D.,[1]

Plaintiff,

-against-

FRANK J. BISIGNANO, IN HIS CAPACITY AS COMMISIONER OF SOCIAL SECURITY,[2]

Defendant.

25-CV-5834 (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

This case is before me on consent for all purposes under 28 USC § 636(c). Plaintiff Maria D. seeks judicial review of a final determination by the Commissioner of Social Security Administration (the "SSA" or "Commissioner"), denying her application for Social Security disability benefits ("SSD") under the Social Security Act (the "Act"). Plaintiff, a 55-year-old woman whose last work was as a home health aide in 2022, has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking reversal of the Commissioner's decision and remand for further administrative proceedings. (ECF 15, Pl.'s Mot.) The Commissioner filed a brief in opposition. (ECF 17, Def.'s Opp.) Plaintiff filed a reply. (ECF 18, Pl.'s Reply.)

Plaintiff argues that ALJ's Residual Functional Capacity ("RFC") determination that Plaintiff can perform work at the light exertional level with limitations is not supported by substantial evidence because the ALJ failed to consider the limiting effects of Plaintiff's carpal tunnel

---

[1] To preserve her privacy, Plaintiff is referred to by her first name and the first initial of her last name.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank J. Bisignano is substituted as the defendant in this action.

syndrome and the opinion of treating physician Dr. Pinero; failed to explain her conclusions about the persuasiveness of medical opinions by explaining their supportability and consistency; and failed adequately to develop the record. (*See* ECF 16, Pl.'s Mem. at 13, 15; ECF 18, Pl.'s Reply at 3-4.) The Commissioner counters that SSA's decision passes muster under the deferential substantial evidence standard, in that the ALJ discussed specific medical treatment records documenting minimal limitations related to Plaintiff's carpal tunnel syndrome and normal findings on scans. (*See* ECF 17, Def.'s Opp. at 5-6; ECF 21, Def.'s Supp. Resp. at 1-2.)

I asked the parties "to submit a letter on the docket addressing the reasoning in *Nilka M.E. v. Comm'r of Soc. Sec*., No. 24-CV-7087 (GRJ), 2025 WL 2505465 (S.D.N.Y. Sept. 2, 2025) in connection with the questions whether the ALJ in this matter (1) accounted for the limitations imposed by Plaintiff's carpal tunnel syndrome on her ability to engage in activities requiring use of her hands and fingers; and (2) met the duty to develop the record by obtaining a medical opinion from Plaintiff's treating medical provider." (ECF 20, Text Order.) The parties provided the requested letters. (*See generally* ECF 21; ECF 22.)

I held oral argument on August 25, 2026. For the reasons set forth on the record, the ALJ's RFC determination is not supported by substantial evidence; the ALJ failed to provide adequate explanations supporting her conclusions; and the ALJ failed to fulfill her duty to develop the record.

## CONCLUSION

Accordingly, Plaintiff's motion for judgment on the pleadings (ECF 15, Pl.'s Mot.) is **GRANTED**; the case is **REMANDED** for further proceedings. The ALJ is directed to develop the record on the amount of time Plaintiff can sit, stand, and walk each day, and how much she can lift,

carry, reach (including overhead reaching), handle, finger, feel, push, and pull, particularly considering any limitations caused by Plaintiff's carpal tunnel syndrome, including if possible from a revised and appropriately specific medical opinion from Dr. Pinero or another treating physician who has assessed her physical limitations in situations beyond her performance during medical exams, which will be relevant to Plaintiff's RFC determination. The ALJ is further directed to provide explanations for her evaluation of the persuasiveness of medical source opinions and to explain how the record evidence supports Plaintiff's RFC determination. *See Nilka M.E.*, 2025 WL 2505465, at *6-7; *Romero v. Comm'r of Soc. Sec.*, No. 18-CV-10248 (KHP), 2020 WL 3412936, at *12 (S.D.N.Y. June 22, 2020); *Rosario v. Comm'r of Soc. Sec.*, No. 20-CV-7749 (SLC), 2022 WL 819810, at *6 (S.D.N.Y. Mar. 18, 2022) (citing 20 C.F.R. § 416.920b); *Newton v Berryhill*, No. 18-CV-1244 (MPS), 2019 WL 4686594, at *2 (D. Conn. 2019).

The Clerk of Court is respectfully requested to (1) replace the Commissioner of Social Security with Frank J. Bisignano as the named Defendant in this action, (2) terminate ECF 15, (3) enter judgment remanding this case to the Social Security Administration for further proceedings, and (4) close this case.

Dated: August 26, 2026
New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**